No. 2024-1556
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
_____

MID CONTINENT STEEL & WIRE, INC.
Plaintiff-Appellee,

v.

UNITED STATES,
Defendant-Appellee,

and

PT ENTERPRISE INC.,
PRO-TEAM COIL NAIL ENTERPRISE INC.,
UNICATCH INDUSTRIAL CO., LTD.,
WTA INTERNATIONAL CO., LTD.,
ZON MON CO., LTD.,
HOR LIANG INDUSTRIAL CORPORATION,
PRESIDENT INDUSTRIAL INC., and
LIANG CHYUAN INDUSTRIAL CO., LTD.,
Defendants-Appellants.
_____

Appeal from the United States Court of International Trade
in Case No. 15-00213, Slip Op. 24-15, Judge Claire Kelly
_____

**PARTIAL CONSENT MOTION FOR VOLUNTARY REMAND AND
CANCELLATION OF ORAL ARGUMENT**

Pursuant to Federal Circuit Rule 27, the United States, defendant-appellee, respectfully requests that the Court remand this case to the United States Court of International Trade for further consideration in light of changed circumstances since

1

issuance of the judgment underlying this appeal, namely the Court's opinions and judgments in *Marmen Inc. v. United States*, 134 F.4th 1334 (Fed. Cir. 2025) (*Marmen*), and *Stupp Corp. v. United States*, No. 2023-1663, WL 1178392 (Fed. Cir. Apr. 23, 2025) (nonprecedential disposition) (*Stupp*). We also respectfully request that oral argument, which is scheduled for December 1, 2025, be canceled.[1]

By email delivered at 12:29 pm on November 18, 2025, Adam H. Gordon, Esq. of The Bristol Group PLLC, stated that plaintiff-appellee consents to this motion for voluntary remand and cancellation of oral argument. By email delivered at 4:20 pm on November 25, 2025, Ned H. Marshak, Esq., of Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, stated that defendants-appellants: (1) oppose the Government's motion for voluntary remand; (2) intend to file an opposition to the Government's motion no later than November 25, 2025; and (3) consent to the Government's motion to cancel oral argument scheduled for December 1, 2025, with the understanding that this Court will reschedule oral argument in the event the Court denies the Government's motion for voluntary remand.

## BACKGROUND

Mid Continent Steel & Wire, Inc. (Mid Continent), plaintiff-appellee, and defendants-appellants, PT Enterprise Inc., Pro-Team Coil Nail Enterprise Inc. (Pro-

---

[1] We apologize for the delay in filing this motion. Although notice of oral argument was provided on October 21, 2025, U.S. Department of Commerce (Commerce) counsel were furloughed throughout the lapse.

Team), Unicatch Industrial Co., Ltd., WTA International Co., Ltd., Zon Mon Co., Ltd., Hor Liang Industrial Corporation, President Industrial Inc., and Liang Chyuan Industrial Co., Ltd. (collectively, PT), filed separate actions in the U.S. Court of International Trade (trial court) challenging aspects of the U.S. Department of Commerce's (Commerce) final determination in the less-than-fair-value investigation of certain steel nails from Taiwan. *Certain Steel Nails from Taiwan*, 80 Fed. Reg. 28,959 (Dep't of Commerce May 20, 2015) (final determination of sales at less than fair value) (*Final Determination*). The trial court consolidated the actions and, but for the issue before the Court in this appeal, all issues raised in Mid Continent's and PT's complaints were resolved. *See Mid Continent Steel & Wire, Inc. v. United States*, 219 F. Supp. 3d 1326 (Ct. Int'l Trade 2017); *Mid Continent Steel & Wire, Inc. v. United States*, 273 F. Supp. 3d 1161 (Ct. Int'l Trade 2017); *Mid Continent Steel & Wire, Inc. v. United States*, 940 F.3d 662 (Fed. Cir. 2019); *Mid Continent Steel & Wire, Inc. v. United States*, 495 F. Supp. 3d 1298 (Ct. Int'l Trade 2021); *Mid Continent Steel & Wire, Inc. v. United States*, 31 F.4th 1367 (Fed. Cir. 2022) (*Mid Continent V*); *Mid Continent Steel & Wire, Inc. v. United States*, 628 F. Supp. 3d 1316-18, 1324 (Ct. Int'l Trade 2023); *Mid Continent Steel & Wire, Inc. v. United States*, 680 F. Supp. 3d 1346 (Ct. Int'l Trade 2024) (*Mid Continent VII*). This is the third iteration of this case before the Court.

PT appeals the trial court's judgment in *Mid Continent VII*, sustaining Commerce's Final Results of Redetermination Pursuant to Court Remand, Aug. 31, 2023 (Fourth Redetermination). The sole question presented to the Court in this

appeal is whether, within the context of Commerce's differential pricing analysis, Commerce's use of a simple average in the denominator of the Cohen's *d* coefficient, as a part of the Cohen's *d* test, is reasonable. *See Mid Continent V*, 31 F.4th at 1369-70.

Commerce issued the fourth redetermination, explaining the underlying basis for its use of a simple average of the standard deviation of full populations to calculate the denominator of the Cohen's *d* coefficient. The trial court sustained Commerce's fourth redetermination, holding that Commerce's explanation for departing from what the academic literature teaches about the Cohen's *d* coefficient is reasonable. *Mid Continent VII*, 680 F. Supp. 3d 1346. This appeal followed.

## **DISCUSSION**

A voluntary remand is appropriate because there has been a significant change in the law and, as a result, Commerce has changed its policy since the parties filed their briefs in this appeal. In particular, the Court's recent decisions in *Marmen* and *Stupp* effectively invalidated the Cohen's *d* test as used in Commerce's differential pricing analysis. *See Marmen*, 134 F.4th at 1345-1348 (noting that the opinion "focuses primarily on the question of whether using a population instead of a sample can assuage" concerns with the Cohen's *d* test's required assumptions, and holding that the use of the Cohen's *d* test as part of the differential pricing analysis was unreasonable); *Stupp*, No. 2023-1663, WL 1178392, at *2 (Fed. Cir. Apr. 23, 2025)

4

(holding that it was unreasonable for Commerce to use Cohen's *d* as part of its differential pricing analysis in that case).

In compliance with the Court's decisions in *Marmen* and *Stupp*, in a decision issued on the third day of the recent, protracted lapse in appropriations, Commerce discontinued the use of the Cohen's *d* test, and the agency has discontinued the use of the "mixed method" as a potential alternative comparison method.

> In prior investigations and administrative reviews, Commerce used the Cohen's *d* test as part of the differential pricing analysis, but the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) recently held that it is unreasonable to use the Cohen's *d* test when the Cohen's d test is applied to data that do not satisfy the statistical assumptions of normal distribution, equal variances, and sufficiently numerous data. *See Marmen Inc. v. United States*, 134 F.4th 1334 (Fed. Cir. 2025) (*Marmen*); *see also Stupp Corp. v. United States*, 2025 U.S. App. LEXIS 9616 (Fed. Cir. 2025) (nonprecedential disposition) (*Stupp*). Subsequently, Commerce sought information and public comment regarding alternatives to the use of the Cohen's *d* test to define when prices differ significantly among purchasers, regions, and time periods, pursuant to section 777A(d)(1)(B)(i) of the Act. *See Alternatives to the Use of Cohen's d; Request for Comment*, 90 FR 21277 (May 19, 2025). Against this backdrop and in an effort to comply with the Federal Circuit's holdings, Commerce has discontinued the use of the Cohen's *d* test and has discontinued the use of

> the "mixed method" as a potential alternative comparison methodology.

*See* Decision Memorandum For the Preliminary Results of the Antidumping Duty Administrative Review of Chlorinated Isocyanurates From Spain; 2023-2024, 90 ITADOC 48044 (October 3, 2025).

Considering the Court's *Marmen* and *Stupp* decisions and that Commerce has discontinued the use of the Cohen's *d* test and has discontinued the use of the "mixed method" as a potential alternative comparison methodology, both of which were used in the fourth redetermination challenged in this appeal, there is no justification for continuing an appeal challenging Commerce's use of the since invalidated and abandoned Cohen's *d* test, regardless of whether a simple average or weighted average was used. Therefore, we respectfully ask the Court to remand the case back to the trial court with instructions to remand to Commerce in order that Commerce may have the opportunity to, as the Court instructed in *Marmen* and *Stupp*, re-perform a differential pricing analysis that does not rely on Cohen's *d* test. *See Marmen*, 134 F.4th at 1348 ("On remand, Commerce may re-perform a differential pricing analysis, and that analysis may not rely on Cohen's *d* test for data sets like those here."); *Stupp*, No. 2023-1663, WL 1178392, at *2 (Fed. Cir. Apr. 23, 2025) (vacating and remanding for the trial court "to remand to Commerce, which may re-perform a differential pricing analysis without relying on Cohen's *d*.").

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter to the trial court with instructions to remand to Commerce to re-perform a differential pricing analysis that does not rely on the Cohen's *d* test.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

/s/Patricia M. McCarthy
PATRICIA M. MCCARTHY
Director

/s/ Mikki Cottet
MIKKI COTTET
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-0962
Fax: (202) 514-7965

*OF COUNSEL:*
VANIA WANG
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for
Trade Enforcement & Compliance
Washington, D.C. 20230

November 21, 2025

Attorneys for Defendant-Appellee

**CERTIFICATE OF COMPLIANCE**

This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared in Microsoft Word using 14-point Times New Roman font. This motion complies with the length limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1214 words as calculated by the word count in Microsoft Word.

/s/ Mikki Cottet

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that, on this 21st day of November 2025, a copy of "PARTIAL CONSENT MOTION TO VOLUNTARILY REMAND AND TO CANCEL ORAL ARGUMENT" was filed electronically.

__X__ This filing was served electronically to all parties by operation of the Court's electronic filing system.

/s/ Mikki Cottet